UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ADAM OWEN GRADY,<br><br>Plaintiff,<br><br>vs.<br><br>PENNINGTON COUNTY, KELLIE WASKO, BRENT FLUKE, DEBRA EILERS, KELLY TJEERDSMA,<br><br>Defendants. | 5:23-CV-05081-RAL<br><br>OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY AND MOTION FOR RECUSAL |

On November 20, 2023, plaintiff Adam Owen Grady, an inmate at the Mike Durfee State Prison, filed this pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. On November 1, 2023, Grady filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Grady v. Warden Brent Fluke, 5:23-cv-05075-RAL, Doc. 1. In accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court screened Grady's § 2254 petition. Id. at Doc. 8. Because it was clear from the record that Grady had not exhausted available state court remedies for his § 2254 claims and had not satisfied the exhaustion requirement of § 2254(b)(1)(A), this Court dismissed Grady's § 2254 petition without prejudice to refiling once he exhausts his state court remedies through filing a state habeas petition under SDCL § 21-27-1. Id. at 4–5. Because the undersigned judge dismissed Grady's § 2254 petition without prejudice, Grady has filed a motion to disqualify, Doc. 6, and a motion for recusal, Doc. 8, in this § 1983 action. For the reasons set forth below, Grady's motions are denied.

I.   **Legal Analysis**

Grady's motions are based on two statutes, 28 U.S.C. § 144 and 28 U.S.C.§ 455, but "under either statute the standard is the same: recusal is required if the judge bears a bias or prejudice that might call into question his or her impartiality." Akins v. Knight, 863 F.3d 1084, 1086 (8th Cir. 2017) (internal quotation omitted).  To determine whether a judge must disqualify himself, an objective standard is applied and asks whether the attendant circumstances raise doubt in the mind of an average person about the judge's impartiality. Johnson v. Steele, 999 F.3d 584, 587 (8th Cir. 2021).  "A party introducing a motion to recuse carries a heavy burden of proof; a judge is presumed to be impartial and the party seeking disqualification bears the substantial burden of proving otherwise." Id. (internal quotation omitted).

In support of his motions, Grady submitted an affidavit alleging that the undersigned judge "has a personal bias or prejudice against [him and] in favor of the opposing parties above as [the] defendants." Doc. 7 at 1. Grady asserts that this Court's dismissal of his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 demonstrates "personal bias and prejudice against Grady[]" because the Court did not give Grady sufficient time to demonstrate cause and actual prejudice for his failure to exhaust. Doc. 8 at 2. Because there was an available state court remedy, a state habeas petition, this Court dismissed Grady's § 2254 petition without prejudice to refiling once he exhausts his available state remedies. The Court did not, as Grady seems to assume, dismiss his § 2254 petition because his claims are procedurally defaulted. Further, it is well established that an adverse ruling, in and of itself, is an insufficient basis for recusal. As the Supreme Court of the United States has explained:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.  In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source, and can only in the rarest circumstances evidence the degree of favoritism

2

> or antagonism requested . . . when no extrajudicial source is involved. Almost invariably, they are proper grounds for appeal, not for recusal.[1]

Liteky v. United States, 510 U.S. 540, 555 (1994) (citation omitted). See also Dossett v. First State Bank, 399 F.3d 940, 953 (8th Cir. 2005) (stating that adverse judicial rulings almost never constitute a valid basis for recusal); Browning v. Foltz, 837 F.2d 276, 279 (6th Cir. 1988) (holding that a judge may deny a habeas petition and even conclude that the petitioner has committed repugnant offenses without being disqualified from consideration of subsequent petitions from the same petitioner raising other grounds for relief). Grady's affidavit and motions contain conclusory allegations of bias and prejudice but are devoid of any facts that demonstrate "deep-seated favoritism or antagonism that would make fair judgment impossible." See Liteky, 510 U.S. at 555. Thus, this Court's dismissal without prejudice of Grady's § 2254 petition is not a basis for the undersigned judge to recuse himself in this § 1983 action.

Grady also alleges that he "wrote to the Eighth Circuit Judicial Council in St. Paul, MN, to file a judicial misconduct complaint." Doc. 6 at 1. That Grady has been critical of the undersigned judge does not mandate recusal. The Eighth Circuit had held that a litigant's writings criticizing or personally attacking a judge do not necessarily require recusal. See, e.g., Akins, 863 F.3d at 1087. Mandating recusal "any time a litigant has been critical of a judge would create perverse incentives and enable judge shopping." Id. See also Rodgers v. Knight, 781 F.3d 932, 943 (8th Cir. 2015) (holding that the fact that a party's counsel previously filed a judicial complaint against the judge in previous, unrelated litigation is "insufficient to establish that the judge's impartiality in this matter might be reasonably questioned."); Azubuko v. Royal, 443 F.3d 302, 304 (3d Cir. 2006) (per curiam) (recognizing that recusal under 28 U.S.C. § 144 or § 455(a) is not warranted

---

[1] Grady has not appealed from the judgment dismissing without prejudice his § 2254 petition.

because the movant has sued or threatened to sue the judge). Grady has not met his burden of proving the undersigned judge's impartiality in this § 1983 action might reasonably be questioned.

## II.     Conclusion

Accordingly, it is ORDERED that Grady's motion to disqualify, Doc. 6, and motion for recusal, Doc. 8, are denied.

DATED this 28th day of December, 2023.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE