UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ADAM OWEN GRADY,<br><br>Plaintiff,<br><br>vs.<br><br>KELLIE WASKO, Secretary, SD Department of Corrections, individual capacity; BRENT FLUKE, Acting Warden, Mike Durfee State Prison, individual capacity; DEBRA EILERS, Unit Manager, Mike Durfee State Prison, individual capacity; and KELLY TJEERDSMA, Unit Coordinator, Mike Durfee State Prison, individual capacity,<br><br>Defendants. | 5:23-CV-05081-RAL<br><br><br>OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL AND MOTION TO SUPPLEMENT AND AMEND |

Plaintiff Adam Owen Grady, who is now an inmate at the Yankton Federal Prison Camp, filed this pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court screened Grady's complaint under 28 U.S.C. § 1915A, dismissing it in part and directing service in part. Doc. 11. Grady moves for appointment of counsel, Doc. 14, and seeks leave to file a supplemental and amended complaint, Doc. 15. Defendants oppose Grady's motions. Docs. 21, 32.

I.    **Grady's Motion for Leave to File a Supplemental and Amended Complaint**

Grady moves for leave to file a supplemental and amended complaint to add three new defendants, Tammy Doyle, J. Pechous, and T. Whitman, he asserts denied him proper medical treatment for a heart condition. Doc. 15 at 1; Doc. 25 at 5. In Count 7 of Grady's complaint, he alleged a claim for deliberate indifference to serious medical needs in violation of his Eighth

Amendment right to be free from cruel and unusual punishment against Kellie Wasko, Brent Fluke, Debra Eilers, and Kelly Tjeerdsma.  Doc. 1 at 11.  Grady's deliberate indifference to serious medical needs claim related to the alleged denial of his requests for a colonoscopy and gastroscopy with biopsy for colon and bowel complications and for pain medication for dental pain.  Id.  But Grady's Eighth Amendment deliberate indifference to serious medical needs claims did not survive § 1915A screening.  Doc. 11 at 16–18.  Accordingly, the claim Grady seeks to add against three new defendants is unrelated to his pending claims.

Grady did not attach a proposed amended and supplemental complaint, see Doc. 15, but the exhibits he included with his motion indicate that the alleged denial of treatment for his heart condition occurred after he filed his complaint.  Compare Doc. 1 with Doc. 15-1.  Thus, Grady's motion is properly characterized a motion for leave to file a supplemental complaint.  Federal Rule of Civil Procedure 15(d) provides:

> On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented.  The court may permit supplementation even though the original pleading is defective in stating a claim or defense.  The court may order that the opposing party plead to the supplemental pleading within a specified time.

Supplemental pleadings "deal with events subsequent to the pleading to be altered and represent additions to or continuations of the earlier pleadings."  6A Charles A. Wright et al., FEDERAL PRACTICE AND PROCEDURE § 1504 (3d ed.); see also United States v. Vorachek, 563 F.2d 884, 886 (8th Cir. 1977) (per curiam) (stating that a supplemental pleading "is designed to cover matters subsequently occurring but pertaining to the original cause" (internal quotation omitted)).  Supplemental pleadings require leave of court under Rule 15(d).  Wright et al., § 1504.  "[B]oth a motion of a party, and leave of court are required as a prerequisite to the service and filing of supplemental pleadings."  3 James Wm. Moore et al., MOORE'S FEDERAL PRACTICE § 15.30 (3d

ed.).  Whether to grant leave to file a supplemental pleading is left to the sound discretion of the trial court, and such decision will not be disturbed on appeal absent an abuse of discretion.  <u>Minn. Mining & Mfg. Co. v. Superior Insulating Tape Co.</u>, 284 F.2d 478, 481 (8th Cir. 1960).  But when a proposed supplemental complaint is unrelated to the existing claims, it is not an abuse of discretion for a district court to deny leave to file the supplemental complaint and to direct that the plaintiff raise the unrelated claims in a separate lawsuit.  <u>See</u> <u>Thorp v. Dist. of Columbia</u>, 325 F.R.D. 510, 514 (D.D.C. 2018) (denying leave to file a supplemental complaint containing allegations unrelated to the original complaint and implicating new defendants and noting that granting leave would have unreasonably delayed resolution on the merits and caused additional expense to the current defendants); <u>Singleton v. Hoester</u>, 505 F. Supp. 54, 57–58 (E.D. Mo. 1980) (denying motion to file supplemental complaint that relates only indirectly to the original complaint, arises out of an unrelated set of facts, and relates to a new defendant not named in the original complaint).

Grady's motion does not allege that the "new" claims involve the same transaction, occurrence, or series of transactions or occurrences or that there is a common question of law or fact as required to join multiple defendants in a single action.  <u>See</u> Fed. R. Civ. P. 20(a)(2). Although Grady's initial complaint and his proposed supplemental claims both challenge his conditions of confinement, "related subject matter alone is insufficient to satisfy Rule 20.  If the claims do not arise from the same transaction or occurrence, plaintiffs must file each claim in a separate action and comply with the filing restrictions[.]"  <u>Lundahl v. JP Morgan Chase Bank</u>, 5:17-CV-05069-LLP, 2018 WL 6727071, at *3 (D.S.D. Dec. 21, 2018); <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007) ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to

ensure that prisoners pay the required filing fees—for the [PLRA] limits to 3 the number of frivolous suits or appeals that any prisoner may pay without prepayment of the required fees."); Grady's motion for leave to file a supplemental complaint adding Doyle, Pechous, and Whitman, as defendants and alleging they denied him proper medical treatment for a heart condition is denied. See Bradford v. Ogbuehi, 2021 WL 2188130, at *4 (E.D. Cal. May 28, 2021) (denying prisoner's motion to supplement, finding "judicial economy will not be served by allowing supplementation here. Rather, these unrelated claims against new and different defendants belong in a different lawsuit.").

## II.    Grady's Motion for Appointment of Counsel

Grady moves for appointment of counsel. Doc. 14. He contends that he is not an attorney or paralegal and his "head is about to explode" because he is overwhelmed with matters he cannot comprehend. Id. at 1 (capitalization in original omitted). Grady also argues that he has learning disabilities and was in special education during middle and high school. Doc. 25 at 3–4. Finally, Grady asserts that his status as a prisoner hinders his ability to gather evidence and investigate his claims. Id.

"A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, this Court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. Id. At this time, Grady's claims do not appear to be complex and are not of the nature that Grady cannot investigate due to his prisoner status. "Although [a plaintiff's] mental condition is a factor that may weigh in his favor, it does not of itself require that counsel be appointed." Edgington v. Mo. Dep't of Corr., 52 F.3d 777, 780 (8th Cir. 1995) (citing Phelps v.

U.S. Fed. Gov't, 15 F.3d 735, 737 (8th Cir. 1994)), abrogated on other grounds by Doe v. Cassel, 403 F.3d 986 (8th Cir. 2005). Grady has not demonstrated that his learning disabilities render him unable to understand legal proceedings. This Court believes that Grady can pursue his claims pro se at this phase of litigation, and his motion for appointment of counsel, Doc. 14, is denied at this time.

In his reply brief, Grady requests that this Court "direct him in the appropriate way to amend [his] complaint if required and time frame it should be done[]" if his motion for appointment of counsel is denied. Doc. 25 at 1. This Court cannot provide legal advice, but the Court has issued a Rule 16 Scheduling Order setting forth deadlines, including the deadline to file motions to amend or supplement the pleadings. See Doc. 24. If Grady seeks to file an amended or supplemental complaint, he must comply with Federal Rule of Civil Procedure 15 as well as the District of South Dakota's Civil Local Rule of Practice 15.1. The Court will request that the Clerk of Court provide to Grady a copy of the District of South Dakota's Civil Local Rules of Practice. Grady is free to file a complaint to pursue a new civil action for claims distinct from what he has raised in this case.

III.    **Conclusion**

For these reasons discussed above, it is

ORDERED that Grady's motion to supplement and amend, Doc. 15, is denied. It is further

ORDERED that Grady's motion for appointment of counsel, Doc. 14, is denied. It is finally

ORDERED that the Clerk of Court shall provide to Grady a copy of the District of South

Dakota's Civil Local Rules of Practice.

DATED February 4th, 2025.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE