UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| ADAM OWEN GRADY,<br><br>Plaintiff,<br><br>vs.<br><br>KELLIE WASKO, Secretary, SD Department of Corrections, individual capacity; BRENT FLUKE, Acting Warden, Mike Durfee State Prison, individual capacity; DEBRA EILERS, Unit Manager, Mike Durfee State Prison, individual capacity; and KELLY TJEERDSMA, Unit Coordinator, Mike Durfee State Prison, individual capacity,<br><br>Defendants. | 5:23-CV-05081-RAL<br><br>OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO SUBPOENA WITNESSES AND MOTION FOR LEAVE TO FILE A RESPONSE TO DEFENDANTS' SURREPLY |

Plaintiff Adam Owen Grady, who was formerly an inmate at Mike Durfee State Prison ("MDSP"), filed this pro se civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. This Court screened Grady's complaint under 28 U.S.C. § 1915A, dismissing it in part and directing service in part. Doc. 11. Grady has filed a "Motion For request To Subpoena wittnesses [sic]." Doc. 34. He also seeks leave to file a response to defendants' surreply in opposition to his motion for appointment of counsel. Doc. 35.

## I. Motion for Request to Subpoena Witnesses (Doc. 34)

Grady requests that this Court order that five witnesses be subpoenaed on his behalf. Doc. 34. According to Grady, the witnesses are current or perhaps former inmates[1] at MDSP, who have knowledge of defendants' alleged interference with his legal mail and access to the courts. Id.

Federal Rule of Civil Procedure 45 provides in relevant part that a subpoena must "command each person to whom it is directed to do the following at a specified time and place: attend and testify[.]" Fed. R. Civ. P. 45(a)(1)(A)(iii). "A subpoena may command a person to attend a trial, hearing, or deposition[.]" Id. at (c)(1). This Court has not scheduled a hearing or trial, and Grady does not indicate that he has served notices of deposition by written questions in compliance with Federal Rule of Civil Procedure 31(a)(3). Accordingly, at this stage of the proceedings, it is not permissible for Grady to subpoena witnesses on his behalf. Grady's motion for request to subpoena witnesses, Doc. 34, is premature and denied without prejudice.

## II. Grady's Motion for Leave to File a Response to Defendants' Surreply (Doc. 35)

This Court entered an order denying Grady's motion for appointment of counsel, Doc. 14, on February 4, 2025. Doc. 33 at 4–6. On February 10, six days after this Court denied Grady's motion for appointment of counsel, Grady delivered to prison staff[2] for mailing his motion for leave to file a response to defendants' surreply. Doc. 35. Thus, Grady's motion, Doc. 35, is denied

---

[1] Each of the witness's last known address is MDSP, but it appears one of the witnesses has been released on parole. Doc. 34.

[2] Grady filed a notice of change of address advising that he is no longer incarcerated at MDSP. Doc. 30. But the certificates of service on his motion to subpoena witnesses and his motion for leave to file a response to defendants' surreply, list his address at MDSP and state that he delivered the documents to "West Crawford Unit Staff at Mike Durfee State Prison to be mailed out as legal mail." Doc. 34-2; Doc. 35 at 3. Each of the documents were mailed in envelopes containing a return address that matched the new address included in Grady's notice of change of address. Doc. 30; Doc. 34 at 4; Doc. 35 at 4. Thus, this Court will assume that the address Grady provided in his notice of change of address is current, but Grady is cautioned that he must keep the Clerk of Court informed of his current address at all times.

2

as moot. But even if this Court were to consider the arguments Grady sets forth in his response, this Court remains convinced that Grady can pursue his claims pro se at this stage of the litigation. According to Grady's response, he was able to locate and review case law cited in defendants' surreply, and his response indicates that he was able to understand the arguments set out in defendants' surreply.

### III.  Conclusion

For these reasons discussed above, it is

ORDERED that Grady's motion to subpoena witnesses, Doc. 34, is denied without prejudice. It is further

ORDERED that Grady's motion for leave to file a response, Doc. 35, is denied as moot.

DATED April 2nd, 2025.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE